UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAUREEN MITCHELL,

                              Plaintiff,                            **REPORT AND**
                                                                                  **RECOMMENDATION**
           -against-                                      18-CV-4867 (SJF) (ARL)

BENJAMIN F. REITNOUR, *et al.*,

                              Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Plaintiff Maureen Mitchell ("Plaintiff") brings this action against defendants Benjamin F. Reitnour, Nicholas R. Reitnour, John T. Reitnour, and Sarah E. Reitnour (collectively, "Defendants") asserting claims of unjust enrichment and constructive trust. Before the Court, on referral from District Judge Feuerstein, is the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) originally filed by Defendant Nicholas R. Reitnour, but "deemed to have been filed on behalf of all Defendants" pursuant to a Stipulation and Order entered by Judge Feuerstein on November 19, 2018 along a motion for sanctions pursuant to Rule 11 filed by Nicholas Reitnour on October 23, 2018. For the reasons stated below, the Court respectfully reports and recommends that the motion to dismiss for lack of personal jurisdiction be granted and that the motion for sanctions be denied.

**BACKGROUND**

I.     **Factual Background**

      The following facts are drawn from the complaint, unless otherwise noted. Plaintiff alleges that in September 2011 she gave Philip Reitnour, the father of Defendants Benjamin, Nicholas, John and Sarah Reitnour, $225,000 for "his own personal investment." Compl. ¶ 9. According to the Complaint, Plaintiff and "Philip

Reitnour were not blood related but related by marriage and long-time personal friends who had a confidential and fiduciary relationship." *Id.* at 7. Between February 2013 and December 2014, Plaintiff alleges she gave Philip Reitnour (or his start-up company) an additional $4,765,000, as loans which were then converted to "investments." *Id.* at ¶¶ 9-11. Plaintiff further alleges that she also loaned Philip Reitnour funds to satisfy an IRS debt and $1,350,000 for "the alleged purpose of paying off Mr. Reitnour's mortgage." *Id.* at ¶ 14. Plaintiff contends that these amounts were loaned to Philip Reitnour in reliance upon mortgage arrangements for the elder Reitnour's real properties. *Id.* at ¶ 13. According to Plaintiff, she was unaware at the time that the properties were already mortgaged. *Id.* Plaintiff then alleges, upon information and belief, that Philip Reitnour used some of her funds to pay salaries to Defendants, to help pay for their college tuitions, and to pay certain life insurance premiums for a life insurance policy insuring the life of Philip Reitnour for which Defendants were the beneficiaries. *Id.* at ¶¶ 16-19. According to Plaintiff, from 2011 through 2015 Philip Reitnour continuously represented that the sale of his start-up was imminent and that it had entered into contracts with various universities and colleges to acquire its services. *Id.* at ¶ 18. Plaintiff relied on these representations in determining whether to continue to loan him money. *Id.* at ¶ 20. The Complaint also alleges that Philip Reitnour died in September 2017, his company has not been sold, Plaintiff's loans -- to the extent not converted into investments -- remain outstanding, and Plaintiff's investments have yet to produce a positive return. *Id.* at ¶ 22. Finally, Plaintiff claims that the Defendants "were the ultimate beneficiaries of life insurance policies on the life of Mr. Reitnour . . . and have repaid [Plaintiff] none of the monies due and owing to her." *Id.* at ¶ 23.

In reliance upon the facts as set forth above, Plaintiff asserts two cause of action: unjust enrichment and constructive trust, both seeking to recover the proceeds of a life insurance policy on Philip Reitnour's life which named Defendants as beneficiaries. *Id.* at ¶¶24-40.

## II. Procedural History

Plaintiff commenced this action by filing a complaint on August 27, 2018. ECF No. 1. On October 23, 2018, Nicholas Reitnour filed a motion for Rule 11 sanctions consisting of payment of attorneys' fees in connection with the filing of the motion to dismiss and the motion for sanctions. ECF No. 10. Defendants moved to dismiss the Complaint on November 9, 2018. ECF No. 20. Defendants argue that they are not subject to personal jurisdiction in this forum and, as a matter of law, life insurance proceeds are exempt from attachment by statute. *See* Defendant Nicholas R. Reitnour's Memorandum of Law In Support of His Motion To Dismiss the Complaint ("Def. Mem."). ECF No. 20. Additionally, Defendants argue that Plaintiff has failed to adequately allege each of the elements necessary to state a claim for unjust enrichment and constructive trust. Def. Mem. at 3. Plaintiff has responded to that motion. *See* Plaintiff Maureen Mitchell's Memorandum of Law in Opposition to Defendant Nicholas R. Reitnour's Motion to Dismiss ("Pl. Mem."). ECF No. 21. Plaintiff argues that Defendants stand in the shoes of their father for purposes of personal jurisdiction and that each of her claims have been adequately alleged. *Id.*

By order dated November 13, 2018, District Judge Feuerstein referred the motion to dismiss and the motion for sanctions to the undersigned for a Report and Recommendation.

## DISCUSSION

### I. Standard of Law

   a. **Motion to Dismiss Pursuant to Rule 12(b)(2)**

3

With regard to the Defendants' motion to dismiss for lack of personal jurisdiction "[t]he same standard of review is applied to both motions seeking dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) and those seeking dismissal for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure." *Japan Press Serv. v. Japan Press Serv.*, No. 11 CV 5875 (SJF)(ETB), 2013 U.S. Dist. LEXIS 2163, 2013 WL 80181, at *4 (E.D.N.Y. Jan. 2, 2013) (citations omitted). "[T]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Id.* (internal quotation marks and citations omitted). "Where a court [has chosen] not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need only make a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (internal quotation marks and citation omitted); *see Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010) (same). "Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction [or venue] over the defendant." *Penguin Group (USA) Inc. v. Am. Buddha,* 609 F.3d 30, 35 (2d Cir. 2010) (internal quotation marks and citation omitted).

### b. Motion to Dismiss Pursuant to Rule 12(b)(6)

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss pursuant to Rule 12(b)(6). District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual

4

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002). In addition, "'[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

## II. Analysis

### a. Lack of Personal Jurisdiction

Defendants argue that the Complaint fails to include a single allegation regarding a basis for personal jurisdiction over any of the Defendants. Def. Mem. at 7. Plaintiff contends that "[a]s Philip is deceased and his estate is insolvent, it is respectfully submitted that defendants, his children and the beneficiaries of the subject life insurance policies, stand in his shoes for

purposes of these constructive trust claims and as such are also subject to the jurisdiction of the Courts of New York." Pl. Mem. at 5.

Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits - subject to certain constitutional limitations of due process. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). "The issue of personal jurisdiction involves a two-step inquiry: (1) whether state law provides a basis for personal jurisdiction and if so, (2) whether exercising personal jurisdiction comports with constitutional principles of due process." *Saudi v. Marine Atl., Ltd.,* 306 Fed. Appx. 653 (2d Cir. 2009) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 243-44 (2d Cir. 2007). In New York, Section 302(a)(1) permits a New York court to exercise jurisdiction over a non-domiciliary person or entity that "in person or through an agent . . . transacts business within the state or contracts anywhere to supply goods and services in the state." N.Y. C.P.R.L. § 302(a)(1). "To determine the existence of jurisdiction under Section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such business transaction." *Best Van Lines*, 490 F.3d at 246 (internal quotation marks and citation omitted). "[T]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 673 F.3d 50, 61 (2d Cir. 2012) (citation omitted). With regard to § 302(a)(1)'s second requirement, "a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship between the claim asserted and the actions that occurred in New York." *Id.* at 66 (citation omitted). Section 302(a)(1)'s requirements may be satisfied by a single act within New York, *id.* at 62, but "jurisdiction will

6

not extend to cover defendants with nothing more than petty contacts to the state." *Tamam v. Fransabank SAL*, 677 F. Supp. 2d 720, 726 (S.D.N.Y. 2010). "The jurisdictional inquiry under CPLR 302(a)(1) necessarily requires examination of the particular facts in each case." *Japan Press Service, Inc.*, 2013 U.S. Dist. LEXIS 2163, 2013 WL 80181, at *7 (internal quotation marks and citation omitted). Further, "where the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (internal quotation marks and citation omitted).

Plaintiff has not offered a shred of evidence supporting her position that this Court has jurisdiction over any of the Defendants. Nor has Plaintiff identified any particular provision of the New York long-arm statute upon which she bases her theory of jurisdiction. Rather Plaintiff argues that because the Court may have had jurisdiction over their father Philip Reitnour and since he is deceased and his estate is insolvent, his children stand in his shoes and are subject to the jurisdiction of this Court. Plaintiff cites no authority for this proposition and the Court finds none. Similarly, Plaintiff argues that since she is a resident of New York jurisdiction is proper here. However, "[t]he appropriate focus of an inquiry under CPLR § 302(a)(1) is on what the non-domiciliary defendant did in New York and not on what the plaintiffs did." *Biz2Credit, Inc. v. Kular*, No. 14 Civ. 8223, 2015 U.S. Dist. LEXIS 66674, 2015 WL 2445076, at *5 (S.D.N.Y. May 21, 2015).

An examination of the facts in this case reveals the following. Defendant Nicholas Reitnour has never worked or resided in New York. Reitnour Aff. at ¶¶ 1, 4. Similarly, the three remaining Defendants, his siblings, Benjamin, John and Sarah have never lived in New York and do not conduct business in the State of New York. *Id*. at ¶¶ 2, 4. The Complaint

7

alleges that the Defendants benefited from the monies loaned by Plaintiff to their father because he used the money to pay the mortgage on his home, take family vacations, pay for college and purchase life insurance. Compl. ¶¶ 14-17. Nothing in the Complaint suggests that Defendants were aware of the loans made by Plaintiff to their father, or that they were in any way participants in the representations made by Philip Reitnour to Plaintiff which secured the loans. In addition, Plaintiff has provided an affidavit in opposition to the motion dismiss which details her dealings with Philip Reitnour but nowhere mentions any dealings with Defendants.

"District courts have considerable discretion in determining how best to handle jurisdictional questions," and "'generally may permit a plaintiff to conduct limited discovery with respect to the jurisdictional issue'." *In re Herald, Primeo & Thema Funds Sec. Litig.*, Nos. 09 Civ. 289 (RMB)(HBP), 09 Civ. 2032, 09 Civ. 2558, 2011 U.S. Dist. LEXIS 102144, 2011 WL 4056819, at *2 (S.D.N.Y. Sept. 8, 2011) (quoting *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990) (internal citations omitted). "Such discovery has typically been authorized where the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction[,] facts that would support a colorable claim of jurisdiction." *Id.* (internal quotation marks and citations omitted). However, where a plaintiff has failed to establish a prima facie case of personal jurisdiction, a district court does not abuse its discretion not to permit jurisdictional discovery. *See Best Van Lines, Inc.,* 490 F.3d at 247 (citations omitted); *Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 314 (S.D.N.Y. 2015) ("jurisdictional discovery is not permitted where, as here, the defendant submits an affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction"); *but see In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003) (authorizing jurisdictional discovery where allegations constituted "arguable" jurisdictional basis, so plaintiff

could develop facts in support of prima facie showing). Plaintiff here has not made even a threshold showing of a connection between Defendants and New York. Additional jurisdictional discovery cannot cure this defect.

Inasmuch as Plaintiff has failed to make out a prima facie case of personal jurisdiction based on N.Y.C.P.L.R. § 301, the undersigned respectfully recommends that Defendants' motion to dismiss for lack of personal jurisdiction be granted.

In opposition to Defendants' motion to dismiss for lack of personal jurisdiction, Plaintiff includes a single sentence requesting that in the event this Court determines it lacks personal jurisdiction over Defendants that this action be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Pl. Mem. at 2. Despite finding that it lacks personal jurisdiction over Defendants, this Court may nevertheless consider Plaintiff's request for a transfer. *See Pisani v. Diener*, No. 07-CV-5118, 2009 U.S. Dist. LEXIS 21352, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) ("it is well settled that a lack of personal jurisdiction does not prevent this Court from transferring the case) (citations omitted). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)); *see also Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (citation omitted) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice.").

The relevant inquiry under . . . § 1404(a) . . . is whether the 'interests of justice' militate in favor of transfer or dismissal." *Pares v. Gordon*, 91 Civ. 1344 (KMW), 1992 U.S. Dist. LEXIS 15202, 1992 WL 296437, at *2. Plaintiff has failed to present any basis upon which this Court can conclude that the interests of justice militate in favor of transfer rather than dismissal.

Indeed, Plaintiff contends that New York is the more convenient forum for Plaintiff since all documentary and non-party witnesses reside in New York. Pl. Mem at 2. In addition, Plaintiff contends that all of Philip's dealings were with Maureen in New York, all transfers came from Maureen's bank account and Philip came to New York to meet with Philip on more than one occasion. Pl. Mem at 5. Thus, rather than presenting facts that would weigh in favor of transfer, Plaintiff has done the contrary.

Defendants also argue that "Plaintiff was repeatedly put on notice that Nick Reitnour was not subject to personal jurisdiction and lacked the required contacts with New York (which Plaintiff has never challenged or sought to refute), Plaintiff's casual disregard for the law and her decision to force Nick to incur the expense of moving to dismiss should not be rewarded with a free pass to the United States District Court for the Eastern District of Pennsylvania." The Court agrees. *See, e.g., Irwin v. Mahnke*, 3:05CV976 (AHN), 2006 U.S. Dist. LEXIS 25906, 2006 WL 691993 (D. Conn. Mar. 16, 2006) ("transfer would not be in the interest of justice where it would reward a plaintiff for lack of diligence in choosing a proper forum").

Accordingly, it is respectfully recommended that Plaintiff's unsupported request that this action be transferred to the Eastern District of Pennsylvania be denied.

### b. Motion to Dismiss Pursuant to Rule 12(b)(6)

Having found that this Court lacks personal jurisdiction over Defendants, this Court lacks the power to dismiss the complaint for failure to state a claim. *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("Not only does logic compel initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim—but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first.");

*Phoenix-Dolezal v. Lili Ni,* No. 11 Civ. 3722(LAK)(JLC), 2012 U.S. Dist. LEXIS 5178, 2012 WL 121105, at *4 (S.D.N.Y. Jan. 17, 2012) ("since [plaintiff] has failed to meet his burden of establishing that the Court has personal jurisdiction over [defendant], the Court lacks power to dismiss the complaint for failure to state a claim") (internal quotations omitted). "This is also prudent as the motions have different consequences for a litigant, for instance, the plaintiffs ability to re-file a claim." *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12-CV-9258, 2014 U.S. Dist. LEXIS 45891, at *6, 2014 WL 1331046 (S.D.N.Y. Mar. 31, 2014) (citing *Arrowsmith*, 320 F.2d at 221 ("A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice.")).

Accordingly, it is respectfully recommended that no decision be rendered on Defendants' motion to dismiss for failure to state a claim.

c. **Sanctions**

While, as noted above, this Court lacks jurisdiction to consider the merits of Plaintiff's claims, it retains jurisdiction for purposes of Defendants' rule 11 motion. *See Midamines Sprl Ltd. v. KBC Bank N.V.*, No. 16 C 9429, 2017 U.S. Dist. LEXIS 206554, 2018 WL 439211 (N.D. Ill. Dec. 15, 2017) ("even though this Court does not have jurisdiction over [defendant] and cannot resolve the case on the merits, it does have the authority to assess sanctions for the filing of a frivolous complaint"). Defendants move for sanctions under Rule 11 based on Plaintiff's filing of an alleged frivolous complaint. Defendants have complied with the safe harbor provision of Rule 11 which requires the moving party to serve a copy of the motion on opposing counsel at least twenty-one days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2). *See* Letter dated September 12, 2018, attached as Ex. E to Defendants' Motion for Sanctions.

ECF No. 10-2. Plaintiff does not provide a specific response to Defendants' motion for sanctions but rather incorporates by reference her opposition to Defendants' motion to dismiss. *See* ECF No. 26.

"Rule 11 sanctions are designed to deter baseless filings." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Albany,* 369 F.3d 91, 97 (2d Cir. 2004). "Under Fed. R. Civ. P. 11, sanctions may be awarded when a pleading is presented for improper purpose, legal contentions are not warranted by existing law, factual contentions do not have evidentiary support, or the denial of factions [sic] contentions is unwarranted on the evidence." *Boggs v. Die Fliedermaus,* 286 F. Supp. 2d 291, 302 (S.D.N.Y. 2003); *see also International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388, 390 (2d Cir.), *cert. denied,* 493 U.S. 1003 (1989); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir. 1985). "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Sanctions are appropriate for parties who are "acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Boggs,* 286 F. Supp. 2d at 302 (quoting *Sassower v. Field,* 973 F.2d 75, 80-81 (2d Cir. 1992)). "The mere fact that the plaintiffs fail to state a claim, however, does not mean that Rule 11 sanctions should be imposed." *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 216 F.R.D. 29, 36-37 (E.D.N.Y. 2003). "'Otherwise Rule 11 sanctions would be imposed whenever a complaint was dismissed, thereby transforming it into a fee shifting statute under which the loser pays.'" *Id.* (quoting *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Serv., Inc.,* 9 F.3d 1263, 1270 (7th Cir. 1993)).

Defendants argue that sanctions are appropriate in this matter because (1) as Plaintiff alleges, she has been close to the Reitnour family for many years and knew or should have

known that Defendants lacked the requisite contacts with New York, (2) conspicuously absent from the complaint is any allegation regarding personal jurisdiction, and (3) Defendants informed Plaintiff's counsel that they had no contacts with the state and were not subject to jurisdiction here, which Plaintiff's counsel never disputed or refuted. Def. Sanction Mem. at 8-9, ECF No. 10. Plaintiff address these arguments specifically but rather incorporates by reference her opposition to Defendants' motion to dismiss. *See* ECF No. 26. Nevertheless, although the evidence presented by Defendants indicates Plaintiff should have been aware that jurisdiction was lacking, there is no evidence that Plaintiff acted in bad faith, engaged in delaying litigation tactics, or filed frivolous motions. The dismissal of Plaintiff's action for lack of personal jurisdiction alone is not a basis for sanctions. Accordingly, it is respectfully recommended that Defendants' motion for sanctions be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants*

*Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York  **SO ORDERED:**
        August __, 2019

                                                /s
                                 ARLENE R. LINDSAY
                                 United States Magistrate Judge