FILED
CLERK
10:50 am, Sep 09, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAUREEN MITCHELL,

                        Plaintiff,

       -against-

BENJAMIN F. REITNOUR, NICHOLAS R.
REITNOUR, JOHN T. REITNOUR and
SARAH E. REITNOUR,

                      Defendants.
-------------------------------------------------------------X

**ORDER**
18-CV-4867 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated August 12, 2019 ("the Report"), (1) recommending, *inter alia*, (a) that the branch of the motion of defendants Benjamin F. Reitnour, Nicholas R. Reitnour, John T. Reitnour and Sarah E. Reitnour (collectively, "defendants") seeking to dismiss this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction be granted, and (b) that the branch of defendants' motion seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure be denied in its entirety; and (2) advising, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] Report . . . to file written objections[,]" and (b) that "[f]ailure to file objections within th[at] period waives the right to appeal the District Court's Order." (Report at 13) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at * 1 (2d Cir. Oct. 5, 2018) (summary order); *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the

1

Report was served upon counsel for all parties via ECF on August 12, 2019. (See Docket Entry ["DE"] 29). No party has filed any timely objections to the Report, nor sought an extension of time to do so.[1] For the reasons set forth below, the Report is accepted in its entirety.

I. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas*, 474 U.S. at 150, 106 S. Ct. 466. Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12,

---

[1] Indeed, by letter dated August 26, 2019, the parties jointly requested that the status conference scheduled to be held before the undersigned on September 17, 2019 be cancelled in light of the Report's recommendation "that this action be dismissed." (DE 30).

14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord Neita*, 768 F. App'x at 14.

II. Review of Report

Since no party has filed any timely objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, the branch of defendants' motion seeking dismissal of this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is granted; this action is dismissed in its entirety for lack of personal jurisdiction; and the branch of defendants' motion seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is denied.

III. Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, the branch of defendants' motion seeking dismissal of this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is granted; this action is dismissed in its entirety for lack of personal jurisdiction; and the branch of defendants' motion seeking sanctions

pursuant to Rule 11 of the Federal Rules of Civil Procedure is denied. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                                          /s/ *Sandra J. Feuerstein*
                                          SANDRA J. FEUERSTEIN
                                          United States District Judge

Dated: September 9, 2019
       Central Islip, New York